Jeremy Shulman (#257582)
  jshulman@qfrct.com
D. Dennis La (#237927)
  dla@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
301 North Lake Avenue, Suite 1100
Pasadena, California  91101-4158
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.
("Wells Fargo")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONEILIO GARCIA, *an individual* and THERESA GARCIA, *an individual*, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A.; WORLD SAVINGS BANK, FSB; FIRST AMERICAN TITLE INSURANCE COMPANY; and DOES 1 through 20, <br><br> Defendants. | CASE NO.: <br><br> **NOTICE OF REMOVAL BY DEFENDANT WELLS FARGO BANK, N.A., PURSUANT TO 28 U.S.C. § 1332** <br><br> **[DIVERSITY JURISDICTION]** |

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD, THE CLERK OF THE ABOVE-ENTITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE, AS ASSIGNED:**

**PLEASE TAKE NOTICE** that defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") submits this Notice of Removal based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1441(b) and 1332.

The action is hereby removed to this Court from the state court, as more particularly set forth below.

**1. THE STATE COURT ACTION.**

On November 22, 2017 plaintiffs Roneilio Garcia and Theresa Garcia ("Plaintiffs") commenced an action in the Superior Court of the State of California for the County of Los Angeles, Case No. YC072479 (the "State Court Action"). Defendant Wells Fargo did not appear in the State Court Action.

A copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit A**. Attached collectively hereto as **Exhibit B** are all other documents filed in the State Court Action which are in Wells Fargo's possession.

**2. DIVERSITY OF CITIZENSHIP.**

**A. Complete Diversity.**

This Court has jurisdiction of this case under 28 U.S.C. § 1332 because Plaintiffs' citizenship and that of Wells Fargo is entirely diverse, and the amount in controversy exceeds $75,000.00.

**i. Plaintiffs' Citizenship.**

Plaintiffs are California citizens, based on domicile, as they plead ownership and residency of a home located at 1947 237th Place, Torrance, CA 90501 – *i.e.,* the subject property in this action ("Property"). (Compl., ¶¶1, 7, 16 [*See* Compl.,

1  Exhibit A [Deed of Trust at 15, ¶32].)  Plaintiffs also plead residency in Los
2  Angeles County. (Compl. ¶1).

3       Plaintiffs allege that they has been trying to obtain a loan modification under
4  the Homeowner Bill of Rights (Compl. ¶23), which applies only to owner-
5  occupied dwellings as the primary residence, under Civil Code § 2924.15.

6       Further evidence of Plaintiff Roneilio Garcia domicile in California can be
7  found in the Voluntary Petitions for Chapter 13 Bankruptcy which plaintiff
8  Roneilio Garcia filed in the United States Bankruptcy Court for the Central District
9  of California, Case No. 2:15-bk-18379-NB.  (*See* **Exhibit C** hereto.)  In his
10 bankruptcy petition filed on May 26, 2015, Plaintiff listed the subject property as
11 his primary address and stated under penalty of perjury "Debtor has been
12 domiciled or has had a residence, principal place of business, or principal assets in
13 this District for 180 days immediately preceding the date of this petition…" (*Id.* at
14 p.2, Information Regarding the Debtor - Venue.).

15      Upon information and belief, Plaintiffs in this action reside in California
16 with the intention to remain indefinitely.  "A person's domicile is her permanent
17 home, where she resides with the intention to remain or to which she intends to
18 return." See e.g., *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. Cal.
19 2001); *Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) (residence
20 and property ownership is a factor in domicile for diversity jurisdiction); *State*
21 *Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence
22 alone is not the equivalent of citizenship, **but the place of residence is prima**
23 **facie the domicile**."). (emphasis added).

24      **ii.**     **Defendant Wells Fargo Bank, N.A. is a Citizen of South**
25           **Dakota.**

26      Effective December 31, 2007, World Savings Bank, FSB, changed its name
27 to Wachovia Mortgage, FSB.  (**Exhibit D** [Nov. 19, 2007 OTS Letter].)  Effective
28 November 1, 2009, Wachovia Mortgage, FSB, was converted to Wells Fargo Bank

(left margin: ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP)

1  Southwest, N.A., and merged into Wells Fargo Bank, N.A.  (**Exhibit E** [Nov. 1,
2  2009 OCC Certification Letter].)  The citizenship of the surviving entity from a
3  merger, here Wells Fargo Bank, N.A., is used to determine citizenship.  *Meadows*
4  *v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (using citizenship of
5  surviving entity for diversity).

6  Pursuant to 28 U.S.C. § 1348, defendant Wells Fargo Bank, N.A., as a
7  national banking association, is a citizen of the state where it is "located."  In 2006,
8  the United States Supreme Court, after a thorough examination of the historical
9  versions of § 1348 and the existing case law, held that "a national bank, for § 1348
10 purposes, is a citizen of the State in which its main office, as set forth in its articles
11 of association, is located."  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307
12 (2006).

13 Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a
14 citizen of South Dakota.  Attached hereto as **Exhibit F** are true and correct copies
15 of the FDIC Profile and the Articles of Association for Wells Fargo Bank, National
16 Association, as issued by the Office of the Comptroller of the Currency,
17 Administrator of National Banks, reflecting that Wells Fargo (at Article II, § 1) has
18 its main office in Sioux Falls, South Dakota.  *Rouse, et al. v. Wachovia Mortgage,*
19 *FSB*, 747 F.3d 707, 715, at *22 (9th Cir. Mar. 27, 2014) (" under § 1348, a national
20 banking association is a citizen only of the state in which its main office is
21 located." ); *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th
22 Cir. Sept. 2, 2011);  *Mireles v. Wells Fargo Bank N.A.*, 845 F. Supp. 2d 1034,
23 1059-61 (C.D. Cal. 2012); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d
24 1119, 1124 (N.D. Cal. 2010); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d
25 1022, 1028 (N.D. Cal. 2010) ("Wells Fargo is a citizen of South Dakota for
26 purposes of diversity.").
27 / / /
28 / / /

Anglin Flewelling Rasmussen Campbell & Trytten LLP

### iii. Defendant First American Title Insurance Company's Citizenship

Defendant First American Title Company ("FATICO") is to be ignored for purposes of diversity jurisdiction analysis as it is a nominal party and fraudulently-joined defendant in this action. *Rieger v. Wells Fargo Bank*, 2013 U.S. Dist. LEXIS 58232, at *7 (N.D. Cal. Apr. 23, 2013); *quoting Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001) ("one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined'"). "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

FATICO is simply a nominal party, because it is the substituted trustee which replaced NDeX West, LLC which replaced Golden West Savings Association Service Co., the *original* trustee as named in the deed of trust encumbering the property at issue. (Compl., Exhibits C and D.)

As the court explained in *Pro Values Properties, Inc. v. Quality Loan Service Corp.*, 170 Cal.App.4th 579 (2009), a foreclosure trustee has an extremely narrow role:

> The trustee in a non-judicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary. The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes. No other common law duties exist. In short, the trustee... performs ministerial acts which, when properly executed, result in the transfer of title to the [trustee's sale] purchaser. Pro Value Properties, Inc., 170 Cal.App.4th at 583 (citations omitted).

Another district court decision provides a more detailed explanation concerning a "deed of trust trustee's" limited authority:

> The trustee under a deed of trust "is not a true trustee, and owes no

(Anglin Flewelling Rasmussen Campbell & Trytten LLP)

fiduciary obligations; [it] merely acts as a common agent for the trustor and beneficiary of the deed of trust. **[The trustee's] only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust."** (*Vournas v. Fidelity National Title Ins. Co.* (1999) 73 Cal.App.4th 668, 677, 86 Cal.Rptr.2d 490.) **Consistent with this view, California courts have refused to impose duties on the trustee other than those imposed by statute or specified in the deed of trust.** As our Supreme Court noted in *I.E. Associates v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, 216 Cal.Rptr. 438, 702 P.2d 596, "The rights and powers of trustees in nonjudicial foreclosure proceedings have long been regarded as strictly limited and defined by the contract of the parties and the statutes…. [P] … **[T]here is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes**." (*Id.* at pp. 287-288, 216 Cal.Rptr. 438, 702 P.2d 596.) *Swanson v. EMC Mortg. Corp.*, 2009 U.S. Dist. LEXIS 122216, *10-11 (E.D. Cal. Dec. 9, 2009); *quoting Heritage Oaks Partners v. First American Title Ins. Co.*, 155 Cal.App.4th 339, 345, 66 Cal. Rptr. 3d 510 (2007) (emphasis added).

As such, FATICO has no financial interest in the Property and its involvement in the non-judicial foreclosure is strictly within its ministerial role as the substituted trustee under the deed of trust, which is protected under California law. *Cabriales v. Aurora Loan Servs.*, No. C 10-161, 2010 U.S. Dist. LEXIS 24726, *6-7 (N.D. Cal. Mar. 2, 2010). "A defendant is a nominal party where his role is limited to that of a stakeholder." *Hewitt v. Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986).

In addition, actions related to the foreclosure filings and trustee's sale are privileged, preventing a claim for damages against the trustee. *See* Cal. Civ. Code § 2924(d) (incorporating Cal. Civ. Code § 47(c)). This privilege bars any tort claim arising out of the statutorily-required mailing, publication, and delivery of notices in non-judicial foreclosure, and the performance of statutory non-judicial procedures, absent a showing of malice. *Kachlon v. Markowitz*, 168 Cal.App.4th 316, 339 (2008).

Accordingly, Plaintiffs have no basis to assert any claims against FATICO and it is a fraudulently joined defendant. *See i.e. Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364, *3-5 (N.D. Cal. Sept. 13, 2013) ("As for Cal Western, Wells Fargo alleges that it is a nominal party (as trustee under the deed of trust), and that it was fraudulently joined by plaintiffs in an attempt to defeat diversity." The Court ignored non-diverse trustee and denied motion to remand after finding that Wells Fargo is a citizen of South Dakota); *Sherman v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 51641, *7 (E.D. Cal. May 12, 2011) ("In light of a trustee's limited contractual duties under state law and the trustee's limited involvement as alleged in the complaint, the court finds that Cal-Western was fraudulently joined for diversity purposes."); *Moreno v. Wells Fargo*, 2011 U.S. Dist. LEXIS 146195, *23 (N.D. Cal. Dec. 20, 2011) ("the Court finds that Cal-Western was fraudulently joined"). The facts in the present case compel the same result; *Nong v Wells Fargo Bank, N.A.*, 2010 U.S. DIST. LEXIS 131890, *3-5 (C.D. Cal. Nov. 22, 2010) (upheld removal on diversity grounds despite a California corporation being named as a defendant, under the fraudulent joinder doctrine).

**4.    AMOUNT IN CONTROVERSY.**

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) (internal citations omitted);

1   *Rivas v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 170994, at **7-12 (E.D.
2   Cal., Dec. 9, 2016). The Ninth Circuit has concluded that the amount in
3   controversy requirement is met where "the whole purpose of [the] action is to
4   foreclose the Bank from selling [the property] in the manner contemplated," and
5   the market value and the outstanding interest on the property exceeds the
6   jurisdictional limit. *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir.
7   1973).

8         Similarly, courts have concluded that the amount in controversy requirement
9   is met where either the loan amount or the market value of the property exceeds
10  $75,000. *Mouri v. Bank of N.Y. Mellon*, 2014 U.S. Dist. LEXIS 170365, at **10-
11  12 (C.D. Cal. Dec. 9, 2014) ("More specifically, in actions seeking to enjoin
12  residential foreclosures the amount in controversy may be based on the outstanding
13  amount of the loan or the value of the property."); *Reyes v. Wells Fargo Bank,*
14  *N.A.*, 2010 U.S. Dist. LEXIS 113821, at **12-13 (N.D. Cal. June 29, 2010) ("If the
15  primary purpose of a lawsuit is to enjoin a bank from selling or transferring
16  property, then the property is the object of the litigation."); *Garcia v. Citibank,*
17  *N.A.*, 2010 U.S. Dist. LEXIS 115719, at *9 (E.D. Cal. Apr. 23, 2010) (measuring
18  the amount in controversy according to the original mortgage loan amount in
19  proceedings to enjoin foreclosure); *Gonzales v. Wells Fargo Bank, N.A.*, 2014 U.S.
20  Dist. LEXIS 152700, *4-*5 (N.D. Cal. Oct. 28, 2014) ("The most recent notice of
21  trustee's sale lists the unpaid amount owed under the deed of trust as just under
22  $700,000. . . Therefore, the value of the Property easily satisfies the jurisdictional
23  amount. The Court, thus, denies Plaintiff's motion to remand."); *Major v. Wells*
24  *Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 114977, at *3-*4 (S.D. Cal. Aug. 15,
25  2014). "In actions arising out of the foreclosure of a plaintiff's home, the amount
26  in controversy may be established by the value of the property or by the value of
27  the loan." *Id*; *accord Mouri, supra,* at **10-12.
28  / / /

1    Further where original loan amounts greatly exceed $75,000, courts
2    routinely find the amount in controversy requirement met without specific
3    reference in the complaint or notice of removal to the market value of the real
4    property that secures the mortgage.  *Rose v. J.P. Morgan Chase, N.A.*, 2012 U.S.
5    Dist. LEXIS 35279, at *2-3 (E.D. Cal. 2012) (current property value "likely"
6    exceeded $75,000 because the "property was used to secure a loan of $349,000");
7    *Cabriales v. Aurora Loan Servs.*, 2010 U.S. Dist. LEXIS 24726, at *3 (N.D. Cal.
8    Mar. 2, 2010) (noting that where "the face of Plaintiffs' complaint clearly
9    demonstrates that they seek to enjoin the sale of their house" and the house is
10   likely valued at more than $75,000, the amount in controversy requirement is met);
11   *Uribe v. Wells Fargo Bank, N.A.,* 2016 U.S. Dist. LEXIS 12447, at *1 (C.D. Cal.
12   Feb. 1, 2016) (finding the amount in controversy is met in cases where foreclosure
13   proceedings had already been initiated).

14   Plaintiffs bring this lawsuit seeking a permanent injunction "prohibiting any
15   further sale of [the] Subject Property" and for "[e]quitable injunctive, and/or
16   declaratory relief." (Prayer ¶¶5-6.)  Furthermore, the complaint seeks general
17   damages in excess of $25,000 (Prayer, ¶1), compensatory and consequential
18   damages (Prayer, ¶2), "restitutionary relief" and "interest" (Prayer ¶3) under
19   Business and Professions Code §17200.  (Compl. ¶47.)

20   Because the primary purpose of the lawsuit is to enjoin Wells Fargo from
21   exercising its power of sale, the property is the object on litigation and exceeds the
22   amount in controversy requirement.  *Rivas, supra,* at **8-12.  Should Plaintiffs
23   prevail in this action, they would restrain Wells Fargo from taking any action
24   under its secured interest in the Property indefinitely precluding enforcement of the
25   defaulted principal loan amount of $637,000.00.  Further, both the loan amount
26   and the amount of arrearage of approximately $ 859,647.71 as of October 25, 2017
27   (*see* **Exhibit G** – Notice of Trustee's Sale) are well in excess of the $75,000
28   statutory minimum.  Therefore under either metric, this Court has diversity

jurisdiction over the action.

## 5. TIMELINESS.

This Notice is timely, pursuant to 28 U.S.C. § 1446(b), because Wells Fargo received notice of this litigation on December 7, 2017. Defendant Wells Fargo has not appeared in the State Court Action. *Destfino v. Reiswig, et al.,* 630 F.3d 952, 956 (9th Cir. Cal. 2011) ("we hold that each defendant is entitled to thirty days to exercise his removal rights after being served").

Wells Fargo is not required to obtain FATICO's consent to removal because it is a fraudulently-joined defendant. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988) (general requirement of consent does not apply to "nominal, unknown or fraudulently joined parties").

As no doe defendants have been identified or served at this time, no joinder of unserved defendants is required to perfect removal of the State Court Action. *Salveson v. Western States Bankcard Ass'n.,* 730 F.2d 1423, 1429 (9th Cir. 1984).

## 6. INTRADISTRICT ASSIGNMENT.

This case is being removed to the Central District, Western Division of this Court because the existing State Court Action is pending in Los Angeles County.

## 7. OTHER PERTINENT INFORMATION.

A. Pursuant to 28 U.S.C. § 1446(a), defendant Wells Fargo files this Notice in the District Court of the United States for the district and division within which the State Court Action is pending.

B. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice and its attachments will promptly be served on Plaintiff in the State Court Action, and notice thereof will be filed with the clerk of the Los Angeles County Superior Court.

///
///
///

**WHEREFORE**, Defendant Wells Fargo hereby removes Los Angeles County Superior Court Case No. YC072479 to the United States District Court for the Central District of California – Western Division.

Respectfully submitted,

Dated: January 8, 2018

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: */s/ D. Dennis La*
D. Dennis La
dla@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 N. Lake Ave, Suite 1100 Pasadena, CA 91101-4158

On the date below, I served a copy of the foregoing document entitled:

**NOTICE OF REMOVAL BY DEFENDANT WELLS FARGO BANK, N.A., PURSUANT TO 28 U.S.C. § 1332
[DIVERSITY JURISDICTION]**

on the interested parties in said case as follows:

**Served By Means Other than Electronically
Via the Court's CM/ECF System**

*Attorneys for Plaintiffs:*

Jack Ter-Saakyan, Esq.
Vartkes Artinian, Esq.
JT LEGAL GROUP, APC
801 N. Brand Blvd., Ste. 1130
Glendale, CA 91203

Tel: (818) 745-1594
E-Fax: (747) 444-2369

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on January 8, 2018.

| Rachelle Guillory | /s/ Rachelle Guillory |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |